### MEADOR GROCERY COMPANY v. RUFUS VERNON.

(Filed 17 November, 1926.)

**Judgments—Attachment—Appeal and Error—Issues — Evidence — New Trials.**

Where in the county court the judge has signed the judgment on the jury's verdict that the property was wrongfully attached, the second issue awards damages, and thereafter on motion the judge has set aside the second issue awarding the damages on the ground of insufficient legal evidence, a judgment on appeal in the Superior Court holding that the lower court was in error in setting aside the answer to the second issue is in effect sustaining the first judgment of the lower court, and an order granting a new trial on the second issue is erroneous.

APPEAL by defendant from *Webb, J.,* at June Term, 1926, of ROCK-INGHAM. Error.

On the trial in the county court the following verdict was returned:

1. Is Mrs. Ben Gibson, interpleader, the owner of and entitled to the possession of the automobile described in the pleadings? Answer: Yes.

2. Is the attachment against the property of Rufus Vernon wrongful and unlawful? Answer: Yes.

3. If so, what amount, if any, is the said Rufus Vernon entitled to recover of the plaintiff on account of said wrongful and unlawful attachment? Answer: $487.08.

4. In that amount, if any, is the said Rufus Vernon indebted to the plaintiff? Answer: $446.87 with interest.

*No counsel for appellee.*
*Sharp & Crutchfield for the appellant.*

PER CURIAM. After the issues had been answered and the judgment had been signed the plaintiff made a motion in the county court to set aside the judgment and the verdict, and the motion was granted only as to the third issue. The first, second, and fourth issues were left standing. The judge of the county court set aside the answer to the third issue on the ground that, there being no evidence to support it, the answer was contrary to law, and thereupon gave judgment in favor of the plaintiff for the amount found to be due in answer to the fourth issue. The defendant appealed to the Superior Court, and his Honor was of opinion that the second judgment was intended to modify the first, and that the only question for decision was whether or not the county court committed error in setting aside the answer to the third issue on the ground it was contrary to law. It was adjudged that the county court was in error, but that a new trial should be had on the third issue. There is no express order vacating the judgment of the county court; but the appellant's exception deals with the assignment of error as if such order had been made.

It is important to note that according to the finding on the second issue the attachment of the defendant's property was wrongful and unlawful. This issue was not disturbed. In the Superior Court the only question was whether there was evidence to support the answer to the third issue; not whether there was error in the instructions given the jury or whether the finding was against the weight of the evidence. In reversing the trial court the Superior Court necessarily held that there was sufficient evidence to sustain the answer, and the reversal on this point reinstated the verdict on the third issue. Whether a new trial should be granted was not involved in the single question whether

as a matter of law the evidence supported the verdict. We think his
Honor correct in reversing the county court, but in error in ordering a
new trial on the third issue. The result is that the second judgment of
the county court is erroneous and the first correct.

Error.